FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 10, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANNY BERNAL,<br><br>Defendant. | No. 4:24-CR-06009-MKD-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE, GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE, AND IMPOSING ADDITIONAL CONDITIONS OF RELEASE<br><br>**ECF Nos. 144, 145** |

On Thursday, August 6, 2026, the Court conducted a hearing on Defendant's Motion to Modify Conditions of Release (ECF No. 144) and related Motion to Expedite (ECF No. 145). Defendant was represented by Assistant Federal Defender Juliana Van Wingerden. Assistant United States Attorney Brandon Pang represented the United States.

Defendant requests the Court remove Additional Condition Nos. 6 and 7 which impose GPS location monitoring and home detention. ECF No. 144. Defendant argues that his perfect compliance since his release in July 2025 warrants removal of the conditions. *Id.* Additionally, Defendant argues that his strong ties to the community, perfect record of appearing in court as required, and

ORDER - 1

lack of a substance use history mitigate his risks of danger and nonappearance such that removal of the conditions is warranted. *Id.*

The United States has no objection to removing the condition of home detention, but objects to removing GPS location monitoring entirely. *Id.*

United States Probation/Pretrial Services supports lowering the level of location monitoring to curfew but does not support removing GPS monitoring entirely. United States Probation/Pretrial Services Officer Elizabeth Lee testified that Defendant has returned to his approved residence thirty minutes late on more than one occasion.

Thus, while Defendant has complied with his release conditions on paper, Defendant has room for improvement. Arriving home thirty minutes late is unacceptable. Only if Defendant shows the Court over the next few months that Defendant is capable and willing to fully abide with the Court's conditions will the court remove GPS location monitoring entirely.

Finally, when this Court initially released Defendant, the Court released Defendant subject to conditions previously set by the Southern District of California, as well as additional conditions set by this Court. ECF No. 106. The Court has now become aware that Defendant has not been subject to several of this Court's standard conditions that are imposed on every defendant released by this Court. Accordingly, the Court imposes those conditions. Additionally, to confirm

ORDER - 2

for the benefit of the parties, Southern District of California Condition No. 10(b), which imposes a secured bond, still applies to Defendant. *See* ECF No. 83.

Accordingly, **IT IS ORDERED:**

1.    Defendant's Motion to Expedite (**ECF No. 145**) is **GRANTED**.

2.    Defendant's Motion to Modify Conditions of Release (**ECF No. 144**) is **GRANTED IN PART AND DENIED IN PART**.

3.    **Additional Condition No. 7 (ECF No. 106) is MODIFIED** in its entirety to read **as follows:**

7.    **Curfew:** Defendant shall be restricted to the approved residence every day from **6:00 AM to 10:00 PM**, or as directed by the United States Probation/Pretrial Services Office.

4.    **Defendant shall abide by the following additional conditions:**

**ADDITIONAL CONDITIONS OF RELEASE**

8.    Defendant shall not commit any offense in violation of federal, tribal, state, or local law. Defendant shall advise the supervising United States Probation/Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government—or any federal, tribal, state, or local law enforcement agency—unless Defendant first notifies the supervising United States Probation/Pretrial Services Officer in the captioned matter.

9.    Defendant shall contact defense counsel at least once a week.

10.    Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to receive, ship or transport in interstate or

ORDER - 3

foreign commerce any firearm or ammunition or receive any firearm or ammunition that has been shipped or transported in interstate or foreign commerce.  18 U.S.C. § 922(n).

5.    All other terms and conditions of pretrial release not inconsistent herewith shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED August 10, 2026.

_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 4